# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**SYLVIA D. LONG**,

                        Petitioner,

    v.

**MICHAEL J. ASTRUE**,[1]
COMMISSIONER OF SOCIAL
SECURITY,

                    Respondent.

Civil Action No. 06-4195

## MEMORANDUM/ORDER

August 17, 2007,

       On June 27, 2007, United States Magistrate Judge Timothy R. Rice filed a Report

and Recommendation ("R & R," Docket No. 11) in this social security appeal.  On review

of the administrative record, Judge Rice concluded that substantial evidence does not

support the determination by an Administrative Law Judge ("ALJ"), acting for the

Commissioner, that plaintiff Sylvia D. Long is not disabled.  Although Judge Rice would

uphold the ALJ's determination that Long's physical ailments are not severe, *see* R & R

---

[1] Upon succeeding Jo Anne B. Barnhart as Commissioner of Social Security on
February 12, 2007, Michael J. Astrue was automatically substituted for Barnhart as the
defendant in this suit.  *See* Fed. R. Civ. P. 25(d)(1); 42 U.S.C. § 405(g).

18, he concluded that the ALJ's findings as to Long's psychological impairments could not be upheld, because they are not supported by substantial evidence.  *See* R & R 1–2.[2] Accordingly, Judge Rice  "recommended that Long's motion for summary judgment be GRANTED in part, and the matter remanded for further consideration."  R & R 18.  On July 18, 2007, the Commissioner filed timely[3] objections to the R & R.  *See* Docket No.

---

[2] Specifically, Judge Rice found that the findings as to Long's psychological impairments were not supported by substantial evidence due to the ALJ's errors in (1) failing to accord proper weight to the opinions of treating medical sources, *see* R & R 6–13; (2) failing to address all of the probative medical evidence, *see* R & R 13–14; and (3) discrediting the plaintiff's testimony without providing adequate reasons, *see* R & R 14–15.

[3] Long asserts that the Commissioner's objections are "not timely."  *See* Pl.'s Reply Def.'s Objs. 2.  This court's local rules provide each party with ten days to respond "after being served with a copy" of the R & R, *see* Local R. Civ. P. 72.1(IV)(b), but, of course, in this context ten days does not mean ten calendar days.  *See* Fed. R. Civ. P. 6(a), (e).  Despite her objection to the timeliness of the Commissioner's objections, Long does not provide any analysis of how the computation of time should be undertaken in this case.  On initial review, this court finds it unclear whether the 10-day window should have ended on July 16 or July 18.  The unclarity arises from the question of whether Rule 6(e), extending deadlines by three days when service is made by mail or electronically, includes Saturdays and Sundays in its three-day window.

Although there appears to be substantial authority suggesting that the three-day extension of time under Rule 6(e) is an extension of three *calendar* days (and, therefore, that the deadline in this case should have been July 16, 2007), there is no need to resolve that question in this case, because, here, the Clerk stated in the docket entry for the R & R that "objections are due July 18, 2007."  *See* Docket No. 11.  The court will not punish the Commissioner for reliance on that statement.  Because the Clerk set a deadline of July 18, 2007 for submission of objections, the Commissioner's objections, filed July 18, 2007, will be treated as timely.  *Cf. Nara v. Frank*, 488 F.3d 187, 197 (3d Cir. 2007) ("District courts may . . . excuse late filings on adequate justification.").

The Supreme Court's recent decision in *Bowles v. Russell* does not require a different result.  *Bowles* held that an erroneous recital by a district court of the deadline for filing a notice of appeal to a court of appeals cannot save an untimely submission where the deadline in question is jurisdictional.  *See* 127 S. Ct. 2360, 2362, 2366 (2007).

12.  Long responded to the Commissioner's objections on July 25, 2007.  *See* Docket No. 13.

When a party files timely objections to an R & R, this court reviews de novo the challenged sections of the R & R.  *See Frazier v. Stickman*, 389 F. Supp. 2d 623, 625 (E.D. Pa. 2005); 28 U.S.C. § 636(b).  However, de novo review is not required if no timely objections are filed, or "where objections are 'merely perfunctory responses,' argued in an attempt to 'engage the district court in a rehashing of the same arguments set forth in the original petition.'"  *Edwards v. Fischer*, 414 F. Supp. 2d 342, 346 (S.D.N.Y. 2006) (quoting *Vega v. Artuz*, Civ. No. 97-3775, 2002 WL 31174466, at *1 (S.D.N.Y. Sept. 30, 2002).   Even upon de novo review, a district court has discretion as to how much reliance, if any, to place on the magistrate judge's analysis and recommendations. *See United States v. Raddatz*, 447 U.S. 667, 676 (1980) ("Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.").  After all, "[t]he purpose of the Federal Magistrate's Act is to relieve courts of unnecessary work," *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 605 (1st Cir. 1980), and this purpose would be defeated if district courts were required to duplicate each aspect of the magistrate judge's review.  *Cf. id.*; *Raddatz*, 447 U.S. at 674–76.

The Commissioner has filed objections which are specific in the sense that they

_____

However, the deadline for filing objections to an R & R is not jurisdictional.  *See Nara*, 488 F.3d at 196.

identify the particular findings in the R & R which are challenged.  However, at least in part, the objections do not identify specific aspects of the R & R's analysis which are allegedly in error.  Rather, having identified the findings challenged, the objections proceed to rehash the arguments made in the Commissioner's brief in support of summary judgment.  *Compare, e.g.*, Def.'s Resp. to Request for Review 2–9 (Docket No. 8), *with* Def.'s Objs. 2–5 (Docket No. 12).  Under these circumstances, while I will review all of the challenged findings de novo, I see no need to engage in an extended discussion of the Commissioner's arguments where I find myself in agreement with Judge Rice's treatment of the same arguments.  Moreover, having reviewed the R & R and the Commissioner's objections, I do agree with Judge Rice's analysis.  Therefore, for the reasons stated briefly below, the Commisioner's objections will be overruled, and the R & R will be approved and adopted.

**Objection 1: The ALJ's rejection of treating psychiatrist's opinion**

The Commissioner's arguments in support of this objection merely recapitulate the arguments made in his brief in support of summary judgment.  *See* discussion *supra*.  These arguments are thoroughly addressed in the R & R, and I agree with the R & R's analysis, as well as the R & R's conclusion that the ALJ improperly rejected Dr. Lines' testimony.

**Objection 2: GAF Scores**

The Commissioner objects that "remand to discuss GAF scores is not appropriate

. . . [because] a GAF score, standing alone, 'does not undermine nor is it significantly probative evidence in opposition to,' an ALJ's conclusion 'concerning the seriousness of claimant's mental status or ability to work.'" Def.'s Objs. 5 (quoting *Lopez v. Barnhart*, No. 03-2035, 2003 WL 22351954, at * 2 (10th Cir. Oct. 16, 2003)). However, the R & R does not state that the ALJ's failure to consider Long's GAF scores, "standing alone," justifies remand. Rather, the R & R states that "[t]he ALJ's failure to acknowledge Long's GAF rating of 50 on three separate occasions *further* supports the need for remand, in particular since a score of 50 denotes serious impairment in social or occupational functioning." R & R 14 (emphasis added).[4]

As noted above, I agree with the R & R's conclusion that remand is required on other grounds. I further agree with the R & R that, on remand, the ALJ must address the impact of Long's GAF scores on the disability inquiry.[5]

---

[4] Therefore, I need not resolve the contradiction between the Commissioner's argument and the previous statement by a judge of this court that "[t]he failure to acknowledge a GAF score *in and of itself* can result in remand, in particular when the GAF score indicates serious symptoms of impairments in social or occupational functioning," *Holmes v. Barnhart*, Civ. No. 04-5765, 2007 WL 951637, at *11 (E.D. Pa. Mar. 26, 2007) (Pratter, J.) (emphasis added).

[5] Whether or not failure to consider GAF scores is an error sufficient in itself to support remand, *cf. supra* note 4, it is clear that such an omission *is* error. The latter point has been well explained by another judge of this court:

Pursuant to final rules of the Social Security Administration, a claimant's GAF score is not considered to have a "direct correlation to the severity requirements." However, the rules still note that the GAF remains the scale used by mental health professionals to "assess current treatment needs and provide a prognosis." As such, it constitutes medical evidence accepted and relied upon by a medical source and must be addressed by an

**Objection 3: Long's testimony as to her subjective complaints**

Finally, the Commissioner objects to the R & R's finding that the ALJ's decision did not provide sufficient reasons for its finding that Long's testimony about her impairments and her ability to work was "not entirely credible" (Admin. R. at 26). In support thereof, the Commissioner points to some record evidence that might have grounded the ALJ's finding. However, this court, like Judge Rice, is "unable to discern"—from the ALJ's decision itself—"why [the ALJ] did not credit [Long's] testimony." R & R 15. Therefore, I agree with the R & R that "[o]n remand, the ALJ must provide specific reasons for her adverse credibility finding." R & R 15. *Cf. Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 168 (1962) ("The courts may not accept appellate counsel's post hoc rationalizations for agency action.").

## ORDER

**AND NOW**, this 17th day of August, 2007, upon consideration of the parties' cross-motions for summary judgment, after review of the Report and Recommendation of United States Magistrate Judge Timothy R. Rice, and upon de novo review of those portions of the R & R objected to by the Commissioner, and for the reasons stated in the

---

ALJ in making a determination regarding a claimant's disability. Although the ALJ "may properly accept some parts of the medical evidence and reject other parts . . . he must consider all the evidence and give some reason for discounting the evidence he rejects." *Adorno v. Shalala*, 40 F.3d 43, 48 (3d Cir. 1994).

*Colon v. Barnhart*, 424 F. Supp. 2d 805, 812 (E.D. Pa. 2006) (Baylson, J.) (citations omitted).

R & R, as supplemented by this court's accompanying memorandum, it is hereby

**ORDERED** that:

1.      The Report and Recommendation of United States Magistrate Judge
        Timothy R. Rice (Docket No. 11) is **APPROVED** and **ADOPTED**;

2.      Plaintiff's motion for summary judgment is **GRANTED** in part;

3.      Defendant's motion for summary judgment is **DENIED**;

4.      The final decision of the Commissioner denying disability benefits to Sylvia
        D. Long is **VACATED**; and

5.      The matter is **REMANDED** to the Commissioner, pursuant to sentence
        four of 42 U.S.C. § 405(g),[6] for further review consistent with the Report
        and Recommendation.

                                        BY THE COURT:


                                        /s/ Louis H. Pollak
                                        _____

                                        Pollak, J.

---

[6] Because the remand is pursuant to sentence four of § 405(g), a separate judgment
shall also be entered.  *See Kadelski v. Sullivan*, 30 F.3d 399, 402 (3d Cir.1994); *Shalala v.
Schaefer*, 509 U.S. 292, 296-98 (1993); *Melkonyan v. Sullivan*,501 U.S. 89, 101-102
(1991).